UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK SPENCER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:03CV1756 TIA |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Request for Judicial Notice and Motion for Leave to File an Amended Petition. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On December 4, 2003, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. §2254 in federal court, raising five grounds for habeas relief. Because two of Petitioner's grounds were still pending before the Missouri Court of Appeals, the Petitioner voluntarily sought to dismiss the unexhausted claims in a Motion to Amend Petition [Doc. #29]. In response, the undersigned fully explained the potential consequences of such dismissal and provided the Petitioner with additional time to consider his options of either dismissing the petition pending exhaustion and then refiling, or dismissing the unexhausted claims and proceeding with the remaining, exhausted claims [Doc. #31]. Petitioner promptly responded with a Motion for Reconsideration and Request to Dismiss Counts II & IV [Doc. #38].

Upon the Missouri Court of Appeals' determination, affirming the motion court's denial of Petitioner's Rule 29.15 motion, Petitioner filed a successive petition. The court subsequently dismissed the petition on that basis. Petitioner now seeks to amend the petition to add his voluntarily

dismissed claims, along with several new claims of ineffective assistance of counsel. Petitioner cites Rhines v. Weber, __ U.S. __, 125 S. Ct. 1528 (2005) for the proposition that this Court should have stayed the petition in the first instance, and thus he is entitled to file his proposed amended petition.

The undersigned disagrees, in part. First, the facts of this case are not analogous to Rhines. In Rhines, the 1-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) expired while petitioner's amended federal habeas corpus petition was pending in federal court. Rhines, 125 S.Ct. at 1532. As a result, if the district court dismissed the mixed petition, petitioner would have been unable to re-file in federal court after exhausting his claims. Id. Such is not the case here, where Petitioner's state post-conviction appeal was pending when he filed his federal petition, thus tolling the statute of limitations. 28 U.S.C. § 2244(d)(2). Indeed, other than a brief time between the end of direct review and the filing of Petitioner's post-conviction motion,[1] the statute of limitations did not begin to run until December 7, 2004, the date the Missouri Court of Appeals affirmed the judgment of the Circuit Court of the City of St. Louis denying Petitioner's Rule 29.15 motion. Spencer v. State, 156 S.W.3d 365 (Mo. App. 2004). Thus, the concerns articulated in Rhines are not at issue in Petitioner Spencer's case. See Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005) (reversing dismissal of petition and remanding for a determination whether to exercise discretion to grant a stay where, absent a stay, return to federal court would be barred).

Assuming, *arguendo*, that Rhines requires this Court to retroactively determine whether stay

---

[1] The undersigned notes that the Missouri Court of Appeals issued its mandate on Petitioner's direct appeal on August 27, 2001. Petitioner filed his pro se Rule 29.15 motion on September 21, 2001. Thus, the statute of limitations ran for 25 days, still leaving Petitioner over 11 months before the expiration of the 1-year limitations period. See Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (state proceedings are not pending for purposes of tolling the 1-year statute of limitations under the AEDPA during the time between the end of direct appellate review and the filing of an application for state post-conviction relief).

2

and abeyance would have been appropriate in this case, the undersigned finds that the facts of Petitioner's case do not fit within the "limited circumstances" articulated by the Supreme Court. Specifically, the Court finds that Petitioner could not meet the "good cause" requirement for failure to exhaust.

According to Rhines, the statute of limitations and the tolling provision in the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" Rhines, 125 S. Ct. at 1534 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)). As stated by the majority:

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

Id. at 1535.

In the instant case, Petitioner's good cause for failure to exhaust appears to be impatience and frustration with the state court. For instance, in his Traverse filed March 4, 2004, Petitioner indicated that, with regard to his appeal of the motion court's denial of post-conviction relief, "justice is even more delayed because it is common knowledge and this court may draw from its own experiences, that an appeal of Post Conviction relief denial likewise takes 1½ - 2 years." (Traverse, p. 4) Likewise, in his present motion to file an amended petition, Petitioner argues that the Missouri Court of Appeals has repeatedly refused to consider or rule on Petitioner's claims. (Motion of 6/30/05, p. 3) These reasons do not satisfy the "good cause" standard articulated in Rhines. Indeed, to grant a stay in such case would have evaded the interests of comity and federalism advanced by the AEDPA. See Ducan v. Walker, 533 U.S. 167, 180 (2001) ("[a] diminution of statutory incentives

3

to proceed first in state court would also increase the risk of the very piecemeal litigation that the exhaustion requirement is designated to reduce"). In light of the fact that Petitioner's appeal was pending when he filed his federal petition and that the statute of limitations was tolled, the undersigned finds in his discretion that a stay would have been inappropriate. Instead, this Court would have given Petitioner the option of dismissing the entire petition or deleting the unexhausted claims, as approved by Rhines. Id. at 1535; Akins v. Kenney, 410 F.3d 451, 455 (8th Cir. 2005).

Contrary to Petitioner's assertion, Rhines does not speak to the amendment of petitions. However, the undersigned finds that, because the AEDPA's 1-year statute of limitations apparently has not yet expired, and because the Respondent has not filed an objection to Petitioner's motion, the Court will allow Petitioner to file his amended petition.[2] "Because habeas proceedings are civil in nature, the Federal Rules of Civil Procedure apply. . . . Rule 15 allows amendments to pleadings, and leave to amend is within the discretion of the trial court." United States v. Craycraft, 167 F.3d 451, 457 n.6 (8th Cir. 1999) (citations omitted). The undersigned makes no determination as to whether the claims are cognizable, procedurally barred, or meritorious. The Respondent will address these matters in its response.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Judicial Notice and Filing of Amended Petition [Doc. #120.1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondent shall Show Cause in writing within thirty

---

[2] The Court previously denied a motion to amend based, in part, on Akins v. Kenney, 341 F.3d 681 (8th Cir. 2003), *vacated by* Akins v. Kenney, ___ U.S. ___, 125 S. Ct. 1723 (2005). The United States Supreme Court has vacated that judgment, and the opinion is no longer valid law. Thus, the undersigned will grant Petitioner's motion and allow him to file the Amended Petition.

(30) days of the date of this Memorandum and Order why the Amended Petition for a Writ of Habeas Corpus should not be granted.

Dated this  24th  day of October, 2005.

                                               s/Terry I. Adelman

                                               TERRY I. ADELMAN
                                               UNITED STATES MAGISTRATE JUDGE