UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK SPENCER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:03CV1756 TIA |
| | ) | |
| JAMES HURLEY,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on Frederick Spencer's Motion to Vacate Judgment and Reopen Case under Rule 60(b) and First Amended Motion to Vacate, which he filed over 3 years after this Court dismissed his habeas petition. (ECF Nos. 182, 183) The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

Petitioner is currently incarcerated pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on December 4, 2003 and an Amended Petition on June 30, 2005. This Court dismissed the claims contained in the Amended Petition on June 26, 2006 as either procedurally defaulted or without merit. (Mem. & Order of 6/26/06, ECF No. 152) Petitioner filed an appeal in the Eighth Circuit Court of Appeals, and the court denied Petitioner's application for a

---

[1] Petitioner is presently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. Because James Hurley is superintendent that facility and thus is Petitioner's custodian, he should be substituted for James Purkett as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

certificate of appealability and dismissed the appeal. (Judgment of 11/2/06, ECF No. 165; Mandate of 12/28/16, ECF No. 167)

Thereafter, on March 1, 2007, Petitioner filed a Rule 60(b) Motion to Vacate Judgment and Re-open Case. (ECF No. 169) The undersigned denied the motion, and the Petitioner again appealed to the Eighth Circuit Court of Appeals. (Order of 3/5/07; Notice of Appeal, ECF No. 172) After careful review of the original file in the district court, the court of appeals denied Petitioner's application for a certificate of appealability and dismissed the appeal. (Judgment of 8/7/07, ECF No. 175; Mandate of 9/26/07, ECF No. 176) Despite the fact that the Court advised the Petitioner that his case was closed and that the Court would not take action on the numerous pieces of correspondence that Petitioner sent and continues to send to the Court, he filed another Motion to Vacate Judgment and Reopen Case pursuant to Rule 60(b) on November 20, 2009 and an amended motion to vacate on December 8, 2009. (ECF Nos. 182, 183) On June 8, 2011, the Court reiterated that the case was closed and that all future motions would be filed as correspondence.

According to the docket report, Petitioner also filed a motion to recall the mandate, which the Eighth Circuit Court of Appeals denied. (Order of 7/13/11, ECF No. 189) In addition, Petitioner filed a Petition for a Writ of Mandamus on August 9, 2012, asking the court of appeals to order this Court to rule on the pending Rule 60(b) motion. (ECF No. 196) On August 17, 2012, the Eighth Circuit Court of Appeals issued both a Judgment and Mandate denying Petitioner's petition for a writ of mandamus. (ECF Nos. 197, 198) However, Petitioner has continued to communicate with this Court to request a ruling on the Rule 60(b) motions filed in 2009.

**Discussion**

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for" reasons including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) . . . applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Further, "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(b) relief is limited, and "a district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances." PNC Bank, Nat. Ass'n v. El Tovar, Inc., No. 4:13-CV-1073 CAS, 2014 WL 562648, at *3 (E.D. Mo. Feb. 13, 2014) (citations omitted). Further, "Rule 60(b) 'is not a vehicle for simple reargument on the merits.'" Id. (quoting Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999)).

Here, Petitioner argues that Rule 60(b)(4), (5), and (6) apply in this case because, under Cone v. Bell, 556 U.S. 449 (2009), the Court's finding of procedural default is no longer valid. Petitioner states that because the state court in later habeas petitions did not find procedural default, the previous findings of procedural default by this Court are void. Further, Petitioner claims that Mo. Ct. App. E.D. Rule 380 should not preclude Petitioner from raising his pro se claims because he wanted to fire his appellate attorney, rendering inequitable the application of this Court's finding of procedural default. Finally, the motions appear to re-argue the merits of Petitioner's claims by contending that he has newly discovered evidence proving his actual innocence.

Under Fed. R. Civ. P. 60(b)(4), "[a] judgment is void if the Court lacked jurisdiction or

3

acted in a manner inconsistent with due process such that the party was deprived of notice or the opportunity to be heard." Kemper v. Bowersox, No. 4:05CV350 FRB, 2012 WL 46778, at *1 (E.D. Mo. Jan. 9, 2012) (citations omitted). Here, Petitioner does not argue that this Court lacked jurisdiction over his habeas petition, nor can he demonstrate that the Court acted in a manner inconsistent with his due process rights. To the contrary, the Court thoroughly considered the Petition, the Amended Petition, the Responses to Order to Show Cause, and the Traverses, as well as the numerous supplemental memoranda and exhibits filed by the Petitioner. While Petitioner accuses the undersigned of bias and partiality, his accusations stem from his disappointment in the outcome of his petition and not from any demonstrable misconduct by this Court.

Petitioner primarily takes issue with this Court's finding of procedural default. Petitioner contends that Mo. Ct. App. E.D. Rule 380 is inadequate to create a procedural bar under Winfield v. Roper, 460 F.3d 1026 (8th Cir. 2006). That case, however, pertained to pro se briefs submitted to the Missouri Supreme Court, which had discretion to accept or reject pro se pleadings. Id. at 1036-37. However, Rule 380 does not give the Missouri Court of Appeals such discretion, and instead mandates that, "where a party is represented by counsel, the clerk **shall not** accept for filing any pro se briefs, pleadings, or other papers. Mo. Ct. App. E.D. Rule 380(a) (emphasis added). As found by other courts in this district, Rule 380 is a regularly followed independent and adequate state procedural rule, which subsequently is the basis for procedural default. See Manzella v. Dormire, No. 4:07-CV-1528-CEJ, 2010 WL 3023969, at *2 (E.D. Mo. Aug. 2, 2010) (finding Rule 380 to be firmly established, regularly followed, and readily ascertainable, thus preventing federal review of procedurally defaulted claims); Moore v. Sachse,

421 F. Supp. 2d 1209, 1216-17 (E.D. Mo. 2006) (finding claims procedurally defaulted where petitioner did not adequately present his claims to the Missouri Court of Appeals because the court refused to accept a supplemental pro se brief under Rule 380 and where "nothing before the Court shows such rule not to be regularly adhered to"); see also Hall v. Luebbers, 296 F.3d 685, 695 n.4 (8th Cir. 2002) (noting that supplemental pro se briefs when represented by counsel are prohibited under Eastern District Court of Appeals Rule 380).

Petitioner also argues that under Cone v. Bell, 556 U.S. 449 (2009), the procedural bar is no longer valid because the Missouri courts declined to address the merits of his claims presented in his Rule 91 state habeas petition on the grounds that the claims had already been addressed. Id. at 466 ("When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review."). Review of the record belies Petitioner's argument. After this Court dismissed Petitioner's federal habeas petition, he sought further relief in the state court. The Circuit Court of Pike County, Missouri Court of Appeals, and Missouri Supreme Court all denied Petitioner's various post-conviction motions without comment. (ECF No. 182-2 pp. 2-7; ECF No. 182-3 pp. 1, 10-15; ECF No. 182-3 pp. 1, 10-15) The Circuit Court of Cole County also dismissed Petitioner's motion for declaratory judgment because a declaratory judgment action was not the proper procedure for challenging a criminal conviction and sentence. (ECF No. 182-3, pp. 21-22) Additionally, Petitioner sought to reopen his postconviction proceeding in state court to bring a claim of abandonment by counsel, and the Missouri Court of Appeals dismissed on jurisdictional grounds. Spencer v. State, 255 S.W.3d 527 (Mo. Ct. App. 2008).

The facts and circumstances surrounding the decision in Cone are not present here, where

5

Petitioner did not fairly present his claims to the state courts for initial consideration due to an independent and adequate state procedural rule. See Cone, 556 U.S. at 465 ("when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate them ordinarily qualifies as an independent and adequate state ground for denying federal review."). Thus the Court finds that Petitioner's claims that he is entitled to relief from this Court's judgment because the judgment is void under Fed. R. Civ. P. 60(b)(4) or because applying it prospectively is no longer equitable under subsection (5) must fail.

Petitioner also argues that he is entitled to relief under subsection (6), "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In support of this proposition, Petitioner reiterates his arguments that he is innocent, which arguments and evidence this Court thoroughly evaluated and addressed in its 2006 Memorandum and Order, and the Eighth Circuit Court of Appeals found no reason to grant a certificate of appealability. The application of Rule 60(b)(6) requires Petitioner to show extraordinary circumstances that would justify reopening the final judgment. Kibby v. Kemna, No. 4:07CV1123 ERW, 2012 WL 4464687, at *4 (E.D. Mo. Sept. 26, 2012). Indeed, the United States Supreme Court has held that extraordinary circumstances "will rarely occur in the habeas context." Gonzales v. Crosby, 545 U.S. 524, 535 (2005).

In sum, Petitioner has failed to sufficiently demonstrate circumstances justifying the reopening of his previous federal habeas case. The Court will therefore deny his Rule 60(b) motion and amended motion (ECF Nos. 182, 183).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate Judgment and Reopen

Case under Rule 60(b) and First Amended Motion to Vacate (ECF Nos. 182, 183) are **DENIED.**

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2253, no certificate of appealability shall issue from this Court, as Petitioner has failed to make a substantial showing that he has been denied a constitutional right.

      /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this __17th__ day of June, 2014.